IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON KIRKENDALL, # B-86162,<br>RESHON FARMER, # B-89073,<br>LEQUESS LOFTON, # B-88142,<br>CEASAR M. BURRIS, JR., # B-80496,<br>and JAMEAL D. SPENCER, # B-86534,<br><br>Plaintiffs,<br><br>vs.<br><br>MEARL JUSTUS,<br>RICK WATSON,<br>OFFICER JACK DINGES,<br>OFFICER NICHOLS,<br>OFFICER LEVI BRIDGES,<br>and OFFICER CAMERON REID,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-772-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiffs filed the instant action concerning the conditions of confinement in the St. Clair County Jail during their pretrial detention there. At the time Plaintiffs filed their complaint, each of them had been convicted in their St. Clair County criminal cases, and they are now inmates at Menard Correctional Center ("Menard").

Each of the five Plaintiffs has signed the complaint (Doc. 1). However, only one Plaintiff (Brandon Kirkendall) has filed a motion to proceed in forma pauperis ("IFP") (Doc. 4). That motion shall be addressed in a separate order. Plaintiff Kirkendall also submitted the prisoner trust fund statement of co-Plaintiff Farmer (Doc. 5), however, Farmer did not file his own motion for IFP. In addition, Plaintiffs have jointly filed a "Motion to Amend Petition of the Defendants'

Exhaustion Remedies of Violations claimed within the Civil Rights Complaint" (Doc. 2). Before the Court addresses the pending motions, however, it is necessary to deal with some preliminary matters related to the joint filing of this case by multiple Plaintiffs.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying

costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers Plaintiffs **Farmer, Lofton, Burris**, and **Spencer** (the non-lead Plaintiffs) an opportunity to withdraw from this litigation before the case progresses further.[1] Each of these co-Plaintiffs may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect

---

[1] The Court designates Plaintiff Kirkendall, whose name is listed first on the pleadings, as the "lead Plaintiff" for purposes of this order, because the complaint and both motions filed to date indicate that he has taken the initiative to bring this claim.

of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

**IT IS HEREBY ORDERED** that each non-lead Plaintiff (**Farmer, Lofton, Burris**, and **Spencer**) shall have 21 days from the date of entry of this order (**on or before August 18, 2014**) in which to advise the Court whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this

---

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

action.[3]  **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

Alternatively, if any Plaintiff (including lead Plaintiff Kirkendall) wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee will be assessed.

**IT IS FURTHER ORDERED** that each non-lead Plaintiff (**Farmer, Lofton, Burris**, and **Spencer**) who chooses to continue as a Plaintiff, either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00[4] or file a properly completed IFP Motion on or before **August 18, 2014**. When a Plaintiff files an IFP Motion, the Court must review that Plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 1/1/2014 to 7/8/14. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

Failure to submit a properly completed IFP Motion does *not* relieve a non-lead Plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any non-lead Plaintiff who simply does not respond to this Order on or before August 18, 2014, *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

---

[3] As the lead Plaintiff, Brandon Kirkendall may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

[4] A Plaintiff whose application for pauper status is approved will be charged a filing fee of only $350.00, as he is not subject to the $50.00 administrative fee assessed to non-IFP plaintiffs. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, and to enclose a blank form IFP Motion and trust fund account certification form with each order.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 28, 2014**

*s/ J. Phil Gilbert*
United States District Judge