## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CEASAR M. BURRIS, # B-80496,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-990-JPG** |
| | ) | |
| **MEARL JUSTUS,** | ) | |
| **RICK WATSON,** | ) | |
| **OFFICER JACK DINGES,** | ) | |
| **OFFICER NICHOLS,** | ) | |
| **OFFICER LEVI BRIDGES,** | ) | |
| **and OFFICER CAMERON REID,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a merits review of the complaint (Doc. 2) pursuant to 28 U.S.C. § 1915A. The complaint was originally brought on July 8, 2014, by Plaintiff Burris and four other inmate-plaintiffs who filed the action together.[1] After receiving the Court's initial order regarding joint litigation with multiple plaintiffs (Doc. 4), Plaintiff Burris chose to pursue his claims in a separate case. The Court then severed his claim and opened the present action (Doc. 1).

At the time this case was filed, Plaintiff was serving a felony sentence at Menard Correctional Center ("Menard"). Since then, he has been transferred to Vienna Correctional Center (Doc. 6). However, his claims concern the conditions of confinement while he was incarcerated as a pretrial detainee at the St. Clair County Jail ("the Jail").

---

[1] The original case was docketed as *Kirkendall, et al., v .Justus, et al.*, Case No. 14-cv-772-JPG.

**The Complaint**

The Defendants herein include former St. Clair County Sheriff Mearl Justus (now deceased, as Plaintiff notes in the complaint); current Sheriff Rick Watson; Officers Jack Dinges and Nichols (in charge of the 6:00am to 6:00pm shift); and Officers Levi Bridges and Cameron Reid (in charge of the Jail's Sanitation Department) (Doc. 2, pp. 1, 4).

Plaintiff claims that these Defendants knowingly and intentionally operated the Jail "in a poor and life threatening manner" while he was confined there (Doc. 2, p. 1). The unconstitutional living conditions included "overcrowding, insects, mice, foul odor from human waste, small portions of food per serving, inadequate access to Law Library, paint peeling off the walls, tables, bars, toilet areas, shower area and ceilings[.]" *Id.* Inmates were not provided with sufficient cleaning materials for the filthy bathrooms. Due to the overcrowding, Plaintiff was denied access to out-of-cell recreation time, either in the yard or gym, and was unable to engage in physical exercise (Doc. 2, pp. 2, 5). These poor living conditions "subjected [him] to medical issues" (Doc. 2, p. 2), and he was denied medical attention for those unspecified issues (Doc. 2, p. 6).

Because of the overcrowded conditions, Plaintiff was required to sleep on the filthy floor along with other prisoners. Mice and insects infested the living areas (Doc. 2, p. 5). Defendants refused to pass out cleaning materials more often than one time per week (Doc. 2, p. 6). As a result, Plaintiff was subjected to foul odors of human feces from the sink and toilet areas that he could not keep clean (Doc. 2, p. 5).

Plaintiff asserts that he complained and filed grievances over these conditions with the Defendants, but the problems were not corrected, and the complaints/grievances were never returned (Doc. 2, p. 4).

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief to correct the constitutional violations (Doc. 2, p. 7). He also requests the Court to appoint an attorney to represent him in this matter. Before the Court can consider that request, however, Plaintiff must submit a properly completed motion for the recruitment of counsel. The Clerk shall be directed to provide Plaintiff with a blank form motion.

**Plaintiff's Motion to Amend Petition of the Defendants' Exhaustion Remedies of Violations Claimed Within the Civil Rights Complaint (Doc. 3)**

Plaintiff submitted this motion along with his complaint. It includes factual allegations about several instances in 2011 when inmate Brandon Kirkendall (the lead Plaintiff in the original action before Plaintiff Burris' claim was severed) gave complaints or grievances to various Jail officials. Some of those individuals are named as Defendants herein, and others are not. The motion describes the topic and date of each grievance and the officials' response, or lack thereof. None of these specific allegations are contained within the complaint itself. Furthermore, this motion does not include any information regarding any grievances or complaints that Plaintiff Burris may have filed while he was in the Jail. Plaintiff requests the Court to grant the motion and "accept the unrebuttable fact that the Defendants knew about the constitutional violations and did nothing to subside them" (Doc. 3, p. 2).

Plaintiff's motion to amend (Doc. 3) is **DENIED.** First, if Plaintiff wishes to amend his complaint, he must submit a complete amended complaint which contains all allegations and claims in a single document. It is not permissible to amend a complaint or petition in a piecemeal fashion that requires the Court and Defendants to refer to multiple documents (such as Docs. 2 and 3 herein). This approach is known as amendment by interlineation, which is inconsistent with Federal Rule of Civil Procedure 8(a). The Court will thus conduct its merits review on the complaint only (Doc. 2), and shall not consider the additional content presented in

the denied motion at Doc. 3.

Should Plaintiff wish to amend his complaint, he may do so in accordance with the Federal Rules of Civil Procedure, and Local Rule 15.1. Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Further, in this District, "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed." SDIL-Local Rule 15.1. Plaintiff shall note that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Thus, an amended complaint must stand on its own, without reference to any other pleading.

The other portion of the motion, which asks the Court to "accept [an] unrebuttable fact," is also **DENIED**, without prejudice. It is premature at this juncture for the Court to make any factual findings, when Defendants have not yet been served with the complaint, let alone filed any responsive pleading or motion.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Claims brought by pretrial detainees pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). *See also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Thus, for "cruel and unusual punishment" claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538

F.3d 763, 771-72, 777-79 (7th Cir. 2008). Jail officials violate the Eighth Amendment when they show deliberate indifference to adverse conditions that deny "the minimal civilized measure of life's necessities," including "adequate sanitation and personal hygiene items." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted)); *Rice*, 675 F.3d at 664; *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007). Further, multiple unsanitary conditions such as Plaintiff describes "may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

Accepting Plaintiff's allegations as true, the Court finds that the following claims survive review under § 1915A, and shall proceed for further consideration:

> **Count 1:** Fourteenth Amendment claim against all Defendants for subjecting Plaintiff to unconstitutional living conditions which posed a danger to his health, including filthy living, sleeping, and bathroom areas; vermin infestation; exposure to the odor of human waste; denial of adequate cleaning supplies; and peeling paint;

> **Count 2:** Fourteenth Amendment claim against all Defendants for denying Plaintiff adequate opportunity for physical exercise to maintain his health.

However, Plaintiff's allegations regarding the small portions of food (**Count 3**), inadequate access to the law library (**Count 4**), and deliberate indifference to his medical needs (**Count 5**) fail to state a claim upon which relief may be granted, and shall be dismissed without prejudice.

Plaintiff's complaint does not disclose the date(s) or duration of his confinement at the Jail. The length of time that an inmate is subjected to unsanitary conditions, as well as the degree of risk posed by those conditions, are factors for the Court to consider in evaluating whether the conditions rose to the level of a constitutional violation. *See Thomas v. Illinois*, 697

F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  Similarly, a short-term deprivation of the ability to exercise or engage in physical activity while imprisoned may not amount to a constitutional violation.  *See Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988) (28-day denial not unconstitutional).  However, longer periods without exercise may state a constitutional claim.  *See Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (6-month denial states a claim; a strong likelihood of injury is present after 90 days).  Despite the lack of specifics as to the duration of these deprivations, Plaintiff has outlined sufficient facts at the pleading stage to proceed on his claims in Counts 1 and 2 against all Defendants.

**Dismissal of Count 3 – Small Food Portions**

In some circumstances, a prisoner's assertion that he was denied food may satisfy the objective element of a deliberate indifference claim – which is that he suffered a serious deprivation of some basic human need.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  However, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment.   Rather, a district court "must assess the amount and duration of the deprivation."  *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (denial of food for three to five days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment claim).  *See also Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner  an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper*

*v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

Unlike those cases cited above where prisoners were denied all food for some period of time, Plaintiff does not claim that he missed any meals. Instead, he complains that the food portions were too small and not in conformance with the Jail's menu. This alone does not suggest that the servings were inadequate to sustain basic health, and nothing in the complaint indicates that the deprivation rose to the level of a constitutional violation. For this reason, Count 3 fails to state a claim upon which relief may be granted, and shall be dismissed without prejudice.

**Dismissal of Count 4 – Access to Law Library**

Plaintiff makes only one brief reference to this issue, stating merely that he was subjected to "inadequate access to Law Library" (Doc. 2, p. 1). He does not indicate whether he was prevented from pursuing any civil claim, or harmed in his ability to defend against a criminal charge.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate

challenge to a conviction, sentence, or prison conditions." *Id.*

In the instant case, the complaint contains no hint that Plaintiff was denied access to the courts as a result of his inability to access the law library. Therefore, Count 4 shall be dismissed without prejudice.

**Dismissal of Count 5 – Deliberate Indifference to Medical Needs**

According to the complaint, Plaintiff was housed in conditions which posed a serious risk to his health. However, he never explains whether he contracted any illness or suffered any adverse symptoms during his stay at the Jail. The complaint states vaguely that Plaintiff was "subjected to medical issues" due to the filthy conditions (Doc. 2, p. 2), and claims that he was "denied medical attention due to medical staff deliberately failing to treat . . . plaintiffs right away upon being notified of the medical issues stemming from the uncleaness [sic] and unhealthy Jail conditions" (Doc. 2, p. 6). Such statements do not contain enough facts for the Court to discern whether Plaintiff suffered from any serious ailment, or whether the delay in treatment amounted to deliberate indifference. Further, although he claims that "medical staff" failed to provide prompt treatment, Plaintiff does not include any medical providers as Defendants herein. As pled, this claim does not survive § 1915A review. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In order to state a claim for deliberate indifference to medical needs, a prisoner "must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). "A 'serious' medical need is one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). While Plaintiff may proceed on his claims in Counts 1 and 2, which suggest that he faced a serious risk of physical harm due to the conditions of confinement, his allegations fall short of showing that he suffered from an objectively serious medical condition, nor does he identify the responsible medical staff who allegedly denied or delayed medical care. Therefore, Count 5 shall also be dismissed without prejudice.

**Injunctive Relief**

Although Plaintiff may proceed with his claims for damages in Counts 1 and 2, his requests for injunctive relief became moot when he was transferred from the Jail to Menard. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at the Jail under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

**Deceased Defendant Justus**

No service shall be ordered on Defendant Justus, who died before the commencement of this action.[2] The Court has authority pursuant to Federal Rule of Civil Procedure 25(a) to

---

[2] The Court takes judicial notice of the fact that Defendant Mearl Justus passed away in December 2012. Michael D. Sorkin, *Longtime St. Clair County Sheriff Mearl Justus Dies*, ST. LOUIS POST-DISPATCH, Dec. 19, 2012, http://www.stltoday.com/news/local/obituaries/longtime-st-clair-county-sheriff-mearl-justus-dies/article_ee14affb-ce4a-54f2-850c-b7b75cd2b11f.html. The Court also observes that it appears from records of the Illinois Department of Corrections that Plaintiff's incarceration at the Jail on his current offense did not begin until September 2013. *See* Website of the Illinois Department of

substitute the proper party where a claim survives the death of a defendant.  *See Walsh v. City of Chicago*, 712 F. Supp. 1303, 1306 (N.D. Ill. 1989) (substitution of deceased defendant with decedent's representative may be appropriate in § 1983 action); *see also* FED. R. CIV. P. 25(a). Therefore, Plaintiff shall notify the Court within 60 days how he wishes to proceed against Defendant Justus, by either filing a motion to substitute the correct party in his place, or to dismiss the claim against him.  Failure to respond will result in the dismissal of Defendant Justus from this action.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 5) shall be addressed in a separate order.

**Disposition**

The Clerk is **DIRECTED** to send Plaintiff a blank form motion for recruitment of counsel.

**IT IS ORDERED** that **COUNTS 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **on or before December 27, 2014,** Plaintiff shall notify the Court in writing how he wishes to proceed against deceased Defendant Justus, by either filing a motion to substitute the correct party in his place, or to dismiss the claim against him.  *See* FED. R. CIV. P. 25(a).  Failure to respond will result in the dismissal of Defendant Justus from this action.  *See* FED. R. CIV. P. 41.

The Clerk of Court shall prepare for Defendants **WATSON, DINGES, NICHOLS, BRIDGES,** and **REID**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a

---

Corrections, Inmate Search page, http://www2.illinois.gov/idoc/Offender/Pages/ InmateSearch.aspx (Last visited Oct. 23, 2014).

Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 27, 2014**

*s/J. Phil Gilbert*
United States District Judge
